# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Angelo Atondo,<br><br>　　　　　Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>　　　　　Respondent/Plaintiff. | No. 15-00336  PHX SRB (JZB)<br>(No. CR-11-00691- PHX SRB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Movant Michael Angelo Atondo has filed an Amended Motion pursuant to 28 U.S.C. § 2255, seeking to vacate or set aside a sentence imposed by the Court. (Doc. 9.)[1]

## I. Summary of Conclusion

Movant claims that appellate counsel was ineffective by filing an *Anders* brief that failed to argue for a downward departure for acceptance of responsibility, and that explained weaknesses in Movant's potential appellate arguments. Movant's claims fail. The Ninth Circuit determined there was no error in the court record, and there was no error regardless. Appellate counsel was not ineffective by submitting an *Anders* brief that explained why two potential arguments were frivolous. Therefore, this Court recommends that the Amended Motion be denied.

---

[1] Citations to "Doc." are to the docket in CV-15-00336-PHX. Citations to "CR Doc." are to the docket in the underlying criminal case, CR-11-00691-PHX.

## II. Procedural History

On October 12, 2011, Movant was convicted by a jury of three counts: Conspiracy to Commit Importation of Marijuana, Conspiracy to Possess with Intent to Distribute Marijuana, and Possession with Intent to Distribute Marijuana. (CR Doc. 64.)

On January 13, 2012, prior to sentencing, Movant submitted a letter to the Court "to accept responsibility and to express deep regret" for his role in the offense. (Doc. 11-1 at 2.) Movant wrote that he was diagnosed with brain lesions that were "probably caused by Multiple Sclerosis." (*Id.*) Movant then submitted the following explanation for his role in the offense:

> Please know, your honor, that when I made the decision to participate in the exchange of marijuana in April of 2011, I was terribly worried about my wife and son and I do not believe I was thinking normally. I believe that my judgment was affected because I was having terrible headaches and because I was taking narcotic pain medication for the headaches. In addition, after the offense, my doctor told my wife that the lesions in my brain may have impacted my ability to think and make the best judgments.
>
> Even if this is so, however, I am deeply sorry for my own failure to be true to the values that I have worked to uphold my entire life.

On March 12, 2012, Movant appeared before the Court for sentencing. Movant requested that "[i]n light of [his] acceptance, . . . this court reduce the offense level computation by two points pursuant to U.S.S.G. § 3E1.1(a)." (CR Doc. 102 at 1.) The Court stated: "[W]hile it is true that acceptance of responsibility can be given for an acceptance that occurs post-trial, I would characterize Mr. Atondo's as late as possible and somewhat half-hearted." (Doc. 11-1 at 3.) The Court found that Movant did not qualify for a two-level reduction based upon acceptance of responsibility, stating: "In considering all of the circumstances from the day of the commission of this crime through the date of his letter and then the contents of his letter, the Court does not believe that the adjustment is appropriately made in this case, nor are they the type of circumstances that justify such an adjustment." (*Id.* at 6); Appellant's Opening *Anders* Brief, *United States v. Atondo*, 2012 WL 3342516, at *17 (August 7, 2012) (No. 12-10137).

On August 7, 2012, Movant's counsel submitted an *Anders* brief. Appellant's Opening *Anders* Brief, 2012 WL 3342516. The *Anders* brief identified three issues: (1) whether the Court properly declined to award a departure for acceptance of responsibility; (2) whether the Court properly declined to give weight to Movant's medical issue; and (3) whether ineffective assistance of counsel is generally an issue raised on direct appeal. After a review of the record, appellate counsel explained why each issue on appeal was not meritorious. *Id.* at *15-21. Defendant subsequently filed a *pro se* supplemental brief.

On December 6, 2013, the Ninth Circuit affirmed the convictions. *United States v. Atondo*, 552 F. App'x 622, 623 (9th Cir. 2013). Movant's Writ of Certiorari to the Supreme Court was denied on April 28, 2014.

### III.  MOTION TO VACATE OR SET ASIDE SENTENCE

#### a. Movant's Claims

On February 24, 2015, Movant filed his original Motion. (Doc. 1.) On June 11, 2015, Movant filed the instant Amended Motion and a Memorandum, which advance two grounds for relief:

> **Ground 1**: Appellate counsel was ineffective by submitting an *Anders* brief that argued against Movant's best arguments.
>
> **Ground 2**: Appellate counsel was ineffective by failing to argue for a downward departure for acceptance of responsibility.

(Docs. 9, 10.)

#### b. Analysis

##### i. Ground One

Movant asserts appellate counsel was ineffective for arguing against the Movant's interest in an *Anders* brief. Movant's counsel submitted an *Anders* brief, which identified two potential arguments on appeal: (1) whether the failure to award a downward departure for acceptance of responsibility was error, and (2) whether the Court did not properly consider Movant's medical condition when determining the sentence. (Doc. 11 at 15-19.) In the *Anders* brief, appellate counsel wrote that he "present[ed] the best

possible arguments on Mr. Atondo's behalf, accompanied by their weaknesses." Movant submits that "the conduct of affirmatively arguing how Atondo could not win was an enormous failure" and a violation of *Anders* and Movant's Sixth Amendment rights. (Doc. 10 at 8.)

The test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984) applies to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259 (2000). In order to prevail on such a claim, Movant must show: (1) deficient performance—counsel's representation fell below the objective standard for reasonableness; and (2) prejudice—there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88.

Here, appellate counsel was not ineffective when counsel submitted an *Anders* brief and identified why two potential arguments were frivolous.  (Doc. 10 at 3.) Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967) counsel is required to: (1) advise the court that there are no non-frivolous issues on appeal; (2) file a motion requesting permission to withdraw as counsel of record; and (3) file an opening brief "referring to anything in the record that might arguably support the appeal."  An *Anders* brief that includes a discussion of the weaknesses of an argument is not a violation of the Sixth Amendment.  *See McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 443 (1988) ("If an attorney can advise the court of his or her conclusion that an appeal is frivolous without impairment of the client's fundamental rights, it must follow that no constitutional deprivation occurs when the attorney explains the basis for that conclusion."); *Cunningham v. United States*, No. 12 C 3508, 2014 WL 4699590, at *4 (N.D. Ill. Sept. 19, 2014) (ruling that an *Anders* brief explaining "potential arguments and their blatant deficiencies . . . does not support the conclusion that counsel acted in an adversarial manner to Movant").

### ii.  Ground Two

Movant asserts appellate counsel was ineffective by failing to argue for a

downward departure for acceptance of responsibility. The Ninth Circuit reviewed Movant's *Anders* brief, which included a discussion of acceptance of responsibility in this case. *See* Appellant's Opening *Anders* Brief, 2012 WL 3342516, at *15-18. The Ninth Circuit concluded that "[o]ur independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief on direct appeal." *United States v. Atondo*, 552 F. App'x 622, 623 (9th Cir. 2013). There was no error by this Court. If this Court did not err in failing to award a downward departure for acceptance of responsibility, then appellate counsel was not ineffective for failing to raise this meritless point. *See Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) ("It should be obvious that the failure of an attorney to raise a meritless claim is not prejudicial"); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) ("the failure to take a futile action can never be deficient performance").

Assuming arguendo that the Ninth Circuit did not decide this question, Movant's claim fails on the merits. A defendant is entitled to a two-point reduction under the Sentencing Guidelines if that defendant "clearly demonstrates acceptance of responsibility for his offense [.]" U.S.S.G. § 3E1.1(a). However, the comment states that:

> This adjustment *is not intended to apply* to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, *and only then admits guilt and expresses remorse*. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. 3E1.1 cmt. n. 2 (emphasis added.)

Here, Movant did not express remorse for his conduct. Movant minimized his conduct by stating he was not "thinking normally" and that his "judgment was affected" due to terrible headaches caused by brain lesions. (Doc. 11-1 at 2.) The Court found this

explanation to be "as late as possible" and "half-hearted." (*Id.* at 3.) The Court's determination to decline this downward departure was proper. *See United States v. Doe*, 778 F.3d 814, 827 (9th Cir. 2015) (concluding that defendant's "argument that he is eligible for the downward adjustment because he admitted to criminal acts and expressed remorse fails, given his continued insistence that he lacked criminal intent."); *United States v. Weber*, 264 F. App'x 657, 657 (9th Cir. 2008) (unpublished) (finding the "district court did not err because Weber contested his factual guilt at trial, maintained that he was only a methamphetamine user, but then admitted guilt during sentencing"). The Court's decision on this point is entitled to "great deference" because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.5. The decision is "not to be disturbed 'unless it is without foundation.'" *United States v. Innie*, 7 F.3d 840, 848 (9th Cir. 1993) (quoting *United States v. Aichele*, 941 F.2d 761, 767 (9th Cir. 1991)). Under these circumstances, appellate counsel did not render ineffective assistance in failing to argue Movant should have received a downward departure for acceptance of responsibility.

Accordingly,

**IT IS RECOMMENDED** that Defendant's Amended Motion under 28 U.S.C. § 2255 (Doc. 9) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because Defendant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation

may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 4th day of February, 2016.

Honorable John Z. Boyle
United States Magistrate Judge