NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Angelo Atondo, | No. CV-15-00336-PHX-SRB(JZB) |
|                    Movant/Defendant, | CR-11-00691-PHX-SRB |
| | **ORDER** |
| v. | |
| United States of America, | |
|                    Respondent/Plaintiff | |

Movant Michael Angelo Antondo filed his Amended Motion Pursuant to 28 U.S.C. § 2255 on June 11, 2015 seeking to vacate or set aside the sentence imposed by this Court. He argued two grounds for relief.  Movant claimed that appellate counsel was ineffective by submitting an *Anders* brief that argued against his best arguments and that appellate counsel was ineffective by failing to argue for a downward departure for acceptance of responsibility.  The Magistrate Judge issued his Report and Recommendation recommending that that the motion be denied and further recommending the denial of a Certificate of Appealability and leave to proceed in forma pauperis on appeal.  Movant filed timely written Objections.

### 1.  Ground One

Movant's counsel submitted an *Anders* brief to the appellate court and identified three potential issues but also explained why each issue was not meritorious.  The Court of Appeals allowed and Movant subsequently filed a pro se supplemental brief. The

Court of Appeals affirmed in a memorandum decision.  *United States v. Atondo*, 552 F. App'x 622, 623 (9th Cir. 2013).  In his Amended Motion, Movant claims that appellate counsel was ineffective because of the inclusion of the explanations as to why each potential appellate issue was not meritorious in the *Anders* brief. The Magistrate Judge found that *Anders v. California,* 366 U.S. 738, 744 (1967) requires counsel to advise the court that there are no non-frivolous issues on appeal,  file a motion requesting permission to withdraw as counsel of record and file an opening brief raising anything in the record that might arguably support appeal.  *See  McCoy v*. *Court of Appeals of Wis.*, 486 U.S. 429, 443 (1988).  The Magistrate Judge noted that including a discussion of the weaknesses of an argument in an *Anders* brief is not a violation of the Sixth Amendment. Movant's Objection argues that appellate counsel was prejudicially ineffective because his brief went well beyond declaring the appeal frivolous and actively argued against relief on arguable claims. Movant claims in his Objections that the *Anders* brief as written led him to raise "truly frivolous arguments in his pro se supplement brief."

The Court rejects Movant's argument that the *Anders* brief somehow misled the Court of Appeals into error in not reviewing as potentially meritorious the three issues raised in the *Anders* brief.  Moreover, Movant has failed to show prejudice in that he has failed to show that any relief would have been granted had counsel simply raised the issues as potential issues for appeal that counsel felt were non-meritorius and did not include the reasons why.  In his Amended Motion, his Reply and in his Objections Movant fails to demonstrate that the likely result on appeal would have been different were the *Anders* brief different.

## 2.  Ground Two

Movant argues that counsel was ineffective by failing to argue for a downward departure for acceptance of responsibility.  As the Magistrate Judge notes, if this Court did not err in failing to award a downward departure for acceptance of responsibility then appellate counsel could not have been ineffective for failing to raise this meritless argument.  The Magistrate Judge then reviewed the record in this Court and the standards

set out in U.S.S.G. 3E1.1(a) and concluded that appellate counsel did not render ineffective assistance by failing to argue that Movant should have received a downward departure for acceptance of responsibility because he was not legally entitled to such a departure.

In the Objections Movant argues that the filing of an *Anders* brief on this issue was error because the acceptance of responsibility argument was not frivolous and that a reasonable probability exists that had this issue been raised the Court of Appeals would have granted relief. The Court notes that the issue was raised in the *Anders* brief. Movant's counsel believed this issue was meritless.  Movant agrees that an attorney cannot be ineffective for failing to appeal a meritless point and argues only that there was merit to the argument. But the standard for ineffective assistance of counsel is the two-prong showing of deficient performance and prejudice.  This Court cannot find that there was a reasonable probability that but for the failure of counsel to argue acceptance of responsibility in a merits brief on appeal that the result of the appeal proceeding would be different.  Nothing in Movant's papers convinces this Court that its conclusion that Movant was not entitled to a downward departure for acceptance of responsibility was error.  This Court is still of the opinion expressed at sentencing that Movant's letter to the Court wherein he admitted guilt was "as late as possible" and "half-hearted."[1]  This Court continues to interpret that letter as not an unequivocal acceptance of responsibility, but an admission that Movant committed the crime but blamed his conduct on other circumstances. The Court agrees with the Magistrate Judge that Movant has failed to show that if this issue had been raised in a merits brief and not just in an *Anders* brief the result of his appeal would have been different. Therefore Movant has failed to show prejudice for any arguable ineffective assistance of counsel.

IT IS ORDERED overruling Movant's Objections to the Report and Recommendation of the Magistrate Judge.

---

[1] The Court also notes that Movant's pro se motion filed February 24, 2015 alleged ineffective assistance of counsel based on trial counsel's alleged failure to investigate evidence that would have proved him innocent.

1        IT IS FURTHER ORDERED adopting the Report and Recommendation of the

2   Magistrate Judge as the Order of this Court. (Doc. 13)

3        IT IS FURTHER ORDERED that Movant's Amended Motion under 28 U.S.C. §

4   2255 is denied. (Doc. 9)

5        IT IS FURTHER ORDERED that a Certificate of Appealability and leave to

6   proceed in forma pauperis on appeal is denied because Movant has not made a substantial

7   showing of the denial of a constitutional right.

8

9        Dated this 23rd day of March, 2016.

10

11

12

13                             Susan R. Bolton

14                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -